STATE v. McINNIS

[102 N.C. App. 338 (1991)]

---

STATE OF NORTH CAROLINA v. ROBERT McINNIS

No. 9018SC1031

(Filed 19 March 1991)

1. Bastards § 5.1 (NCI3d)— nonsupport of illegitimate child— inconsistent results of blood tests properly admitted

In a prosecution of defendant for nonsupport of an illegitimate child, the trial court did not err in allowing into evidence inconsistent results of blood tests, as such evidence was not excluded by N.C.G.S. § 8-50.1(a)(1).

Am Jur 2d, Bastards § 118.

STATE v. McINNIS

[102 N.C. App. 338 (1991)]

Admissibility and weight of blood-grouping tests in disputed paternity cases. 43 ALR4th 579.

2. **Bastards § 5 (NCI3d)— nonsupport of illegitimate child— presence of male at hospital—blanks on birth certificate— evidence properly excluded**

In a prosecution of defendant for nonsupport of an illegitimate child, the trial court did not err in excluding (1) hospital records which defendant argued were admissible to show that a putative father other than defendant was seen with the mother and child at the hospital and (2) the birth certificate with the name of the father left blank, since the hospital records had little probative value and were misleading because no evidence was presented identifying the male person, who could have been a relative or friend, and the absence of a named father on the birth certificate had little probative value and was misleading because under N.C.G.S. § 130A-101(f) the name of the father of an illegitimate child may not be entered on the child's birth certificate without the father's sworn consent.

**Am Jur 2d, Bastards §§ 104, 113.**

APPEAL by defendant from judgment entered 5 April 1990 in GUILFORD County Superior Court by *Judge James A. Beaty, Jr.* Heard in the Court of Appeals 22 February 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane T. Friedensen, for the State.*

*Barry Snyder for defendant-appellant.*

WYNN, Judge.

Defendant was charged by warrant with nonsupport of an illegitimate child. After pleading guilty in district court, he gave notice of appeal to superior court. In a special verdict, the jury found defendant to be the father of the child, to have been demanded by the mother to adequately support the child, to have willfully neglected or refused to maintain or provide adequate support for the child, and to be guilty of willful neglect or refusal to provide adequate support and maintain his illegitimate child. The jury accordingly found defendant guilty as charged. Defendant received a suspended six-month sentence. He appealed.

None of defendant's six assignments of error merit relief.

[1] By his first assignment of error, defendant contends the court erred by admitting the result of blood tests showing the probability of defendant's fathering the child to be 99.54%. Citing N.C. Gen. Stat. § 8-50.1(b)(1), he argues that the test result was not admissible because it varied greatly from the result of blood tests performed by another laboratory showing the probability of paternity to be only 93.75%. We disagree.

Preliminarily, we note that N.C. Gen. Stat. § 8-50.1(b)(1) is applicable to civil actions only; the statute which applies to criminal actions is N.C. Gen. Stat. § 8-50.1(a)(1). This statute simply provides that when test results are consistent and show the defendant not to be the father of the child, the jury is required to return a special verdict of not guilty. We see nothing in this statute which prohibits the admission into evidence of inconsistent results.

[2] Defendant also contests the exclusion of evidence through his second through fifth assignments of error, which we address seriatim. Under his second assignment, defendant contends that the trial court erred by excluding hospital records which purported to show that the mother, a father and child were "bonding." Under the third assignment, he contends that the trial court erred by excluding the child's birth certificate in which the name of the father was left blank. Defendant argues that the hospital records were admissible to show that a putative father other than defendant was seen with the mother and child at the hospital and that the birth certificate was admissible to impeach the mother's testimony by showing that at an earlier time she did not name defendant as the father.

Assuming, *arguendo*, that the hospital records and birth certificate were relevant and admissible for the purposes stated by defendant, we hold that the trial court did not abuse its discretion in excluding the evidence under N.C. Gen. Stat. § 8C-1, Rule 403, because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The hospital records had little probative value and were misleading because no evidence was presented identifying the male person, who could have been a relative or friend. Likewise, the absence of a named father on the birth certificate had little probative value and was misleading because under N.C. Gen. Stat. § 130A-101(f) (1990 Cum. Supp.), the name of the

father of an illegitimate child may not be entered on the child's birth certificate without the father's sworn consent.

Defendant does not sufficiently identify the excluded evidence which forms the basis of his fourth and fifth assignments of error. The record does not show the content or substance of the excluded testimony so we cannot determine whether the exclusion was prejudicial. These assignments of error are therefore dismissed. *State v. Fullwood*, 323 N.C. 371, 373 S.E.2d 518 (1988), *cert. granted and judgment vacated on other grounds*, --- U.S. ---, 108 L.Ed.2d 602 (1990).

By his final assignment of error, defendant contends that he was denied due process by the court's threat to hold defendant's counsel in contempt of court for his persistence in seeking the admission of the hospital records. We cannot find any such threat in the settled record on appeal. This assignment of error is also dismissed.

We hold defendant received a fair trial free of prejudicial error.

No error.

Judges JOHNSON and PHILLIPS concur.